IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SANDRA LORRAINE HARRIS**, | Case No. 3:19-cv-02078-IM |
| Plaintiff, | **ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEY'S FEES UNDER 28 U.S.C. § 406(b)** |
| v. | |
| **COMMISSIONER OF SOCIAL SECURITY**, | |
| Defendant. | |

Kevin Kerr, Kerr Robichaux & Carroll, P.O. Box 14490, Portland, Oregon 97293. Attorney for Plaintiff.

Natalie K. Wight, United States Attorney, and Renata Gowie, Assistant United States Attorney, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, Oregon 97204; Sarah L. Martin, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104; Lisa Goldoftas, Office of General Counsel, Social Security Administration, 6401 Security Blvd., Baltimore, MD 21235. Attorneys for Defendant.

**IMMERGUT, District Judge.**

Before this Court is Plaintiff's Unopposed Motion for Attorney's Fees Under 28 U.S.C. § 406(b). ECF 21. Plaintiff moves this Court for attorney's fees in the amount of $23,708.50

PAGE 1 – ORDER

pursuant to 42 U.S.C. § 406(b), to be paid out of Plaintiff's past-due benefits. *Id.* at 1. Plaintiff's counsel was previously awarded $7,475.71 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"): $2,593.96 for this appeal, *see* ECF 19, and $4,881.75 for the prior appeal arising from the same claim which led to a remand for further proceedings, *see Harris v. Comm'r of Soc. Sec. Admin*, Case No. 3:16-cv-00977-SI, ECF 32. The Commissioner does not object to Plaintiff's motion, deferring to this Court's assessment of Plaintiff's request under Section 406(b). ECF 21 at 1. For the reasons set forth below, Plaintiff's motion is GRANTED.

## LEGAL STANDARDS

Under the EAJA, a court is authorized to "award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Corbin v. Apfel*, 149 F.3d 1051, 1052–53 (9th Cir. 1998). A claimant is considered the prevailing party "if he wins at any intermediate stage in the proceedings . . . for instance, by obtaining a remand." *Corbin*, 149 F.3d at 1053. However, under the Social Security Act ("SSA"), where a claimant prevails on a remand, a court may authorize "as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The award is then offset by the EAJA fees to avoid the attorney receiving fees twice for the same work. *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1217 (9th Cir. 2012).

Awards under Section 406(b) compensate a prevailing attorney for all work before a federal court which led to a favorable result for the claimant, including work on a prior appeal that led to a remand for further proceedings. *Id.* at 1220–21. Section 406(b) requires any attorney's fee awarded under that section to be payable "out of, and not in addition to, the

PAGE 2 – ORDER

amount of such past-due benefits." 42 U.S.C. § 406(b)(1)(A). The Supreme Court has explained that Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Rather, Section 406(b) calls for the district court to review such arrangements "as an independent check, to assure that they yield reasonable results . . . ." *Id.* Thus, in reviewing attorney's fees pursuant to Section 406(b), the Supreme Court has instructed district courts, first, to look to whether the contingent-fee agreement is enforceable and, second, to determine whether the arrangement is reasonable. *Id.* at 807–08*; see also Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc) (adopting the approach articulated in *Gisbrecht*). "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 807. However, even if an agreement falls within the twenty-five percent threshold, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

## DISCUSSION

### 1. Contingent-Fee Agreement

The first step is for this Court to assess whether the contingent-fee agreement in this case is enforceable—in other words, whether it provided for fees equal to or less than twenty-five percent of Plaintiff's past-due benefits. *Gisbrecht*, 535 U.S. at 807–08. The fee agreement between Plaintiff and Plaintiff's counsel, Kerr Robichaux & Carroll (formerly Schneider Kerr and Robichaux), contemplated a contingency fee award of twenty-five percent of past-due benefits, or the applicable maximum amount set by the Commissioner of Social Security pursuant to Section 206(a)(2)(A) of the Social Security Act. ECF 21-1; 42 U.S.C. § 406. The total amount sought ($23,708.50) is exactly twenty-five percent of the past-due benefits awarded

($94,834.00). ECF 21 at 5; *see also* ECF 21-2 at 1–2. Accordingly, this Court finds that the amount sought complies with the statutory maximum, and the agreement is enforceable.

### 2. Reasonableness

The second step is for this Court to determine whether Plaintiff's counsel has established that the fee agreement yields reasonable results in this case. *Gisbrecht*, 535 U.S. at 808. To determine whether a contingent-fee agreement is reasonable, the Ninth Circuit has instructed lower courts to consider the "character of the representation" and the "results the representative achieved." *Crawford*, 586 F.3d at 1151 (quoting *Gisbrecht*, 535 at 808)). A court may properly reduce an attorney's recovery for "substandard performance," "excessive delay," or "benefits that are not in proportion to the time spent on the case" such that "the requested fee would result in a windfall" for the attorney. *Id.* at 1151–52. A court may also consider the level of risk assumed by an attorney in accepting the case. *Id.* at 1152.

First, Plaintiff contends that counsel provided effective representation in this case. ECF 21 at 5. Plaintiff's counsel raised the relevant issues in the first appeal, resulting in remand of the Commissioner's decision. *Id.* at 5–6. After Plaintiff's claim was denied on remand, Plaintiff's counsel again raised the relevant issues on appeal, and this Court reversed and remanded the Commissioner's decision in part. *Id.* at 6. Plaintiff was then found to be disabled and awarded ten years of back benefits. *Id.*; *see also* ECF 21-3. Second, Plaintiff contends that counsel did not cause excessive delay in recovering benefits for Plaintiff. ECF 21 at 6. Plaintiff's counsel sought and received a single three-week extension in Plaintiff's first appeal and none in the current case, resulting in no undue accumulation of past-due benefits. *Id.* Third, Plaintiff argues that this fee request would not result in a windfall for Plaintiff's counsel. *Id.* Plaintiff's counsel billed a total of 37.5 hours across both appeals in this case at an hourly fee of $632.23. *Id.*; *see also* ECF 21-4.

This Court finds that no reduction in fees due to substandard performance is warranted. There is nothing in the record that suggests that counsel's performance was deficient. Counsel's representation resulted in two remands from the district court, and the ALJ ultimately rendered a favorable decision and awarded benefits in Plaintiff's case. This Court also finds that no reduction in fees due to dilatory performance is warranted, as Plaintiff's counsel sought and received only one brief extension across both appeals. Finally, this Court finds that the requested fees are not excessively large in relation to the benefits received and are the exact amount bargained for in the fee agreement. *See, e.g.*, *Crawford*, 586 F.3d at 1145–47, 1153 (ordering attorney's fees based on hourly rates of between $502 and $902); *see also id.* at 1153 (Clifton, J. and Kozinski, J. concurring in part); *see also* ECF 21-1. This Court also notes that Plaintiff's counsel assumed risk in accepting this case, including that no benefits would be awarded and that counsel would have to wait a long time for payment.[1] *See Crawford*, 586 F.3d at 1152 (finding that attorneys assumed significant risk based on the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases).

### 3. Untimely Application

Finally, this Court must consider the timeliness of Plaintiff's motion. Pursuant to the District of Oregon's Local Rule 4000-8, "[p]laintiff shall submit any application for attorneys' fees under 42 U.S.C. § 406(b) within 60 days after plaintiff's federal court attorney has received all of the Notices of Award which are necessary to calculate the total amount of retroactive benefits payable." L.R. 4000-8. "An application submitted beyond the 60-day period will be deemed timely only upon a showing of good cause for the delay." *Id.*

---

[1] Plaintiff's counsel filed the prior appeal in 2016 and has waited almost seven years for payment under Section 406(b). *See Harris v. Comm'r of Soc. Sec. Admin*, Case No. 3:16-cv-00977-SI, ECF 1.

Plaintiff received the Notice of Award on October 26, 2021. ECF 21-2 at 1. Thus, the present motion for fees is well beyond the sixty-day period. However, Plaintiff argues that there is good cause for the delay because the Notice of Award was ambiguous as to the benefits award—it does not identify the total amount of past-due benefits or specify which months are included in that calculation, instead noting that benefits for October 2011 through September 2021 were being withheld and stating, "[w]hen we figure out how much to pay you, we must deduct certain amounts." ECF 21 at 6–7; *see* ECF 21-2 at 1. Plaintiff's counsel reached out to the payment center for clarification five times between December 10, 2021 and October 3, 2022, receiving no response. ECF 21 at 7; *see* ECF 21-5. Plaintiff's counsel ultimately calculated the total past-due benefits based on the Notice of Award. *Compare* ECF 21 at 5 *with* ECF 21-2 at 1–2. Based on the deficient Notice of Award and on the fact that the Commissioner does not object to counsel's argument regarding good cause for this untimely filing, this Court finds that there was good cause for the delay in applying for attorney's fees pursuant to Section 406(b).

## CONCLUSION

Accordingly, Plaintiff's Unopposed Motion for Attorney's Fees Under 28 U.S.C. § 406(b), ECF 21, is GRANTED. This Court hereby ORDERS that Plaintiff's counsel be awarded fees under 42 U.S.C. § 406(b) in the amount of $23,708.50. Previously, Plaintiff's attorney was awarded fees in the amount of $7,475.71 under the EAJA. When issuing the check for payment to Plaintiff's attorney, the Commissioner is directed to subtract the amount awarded under the EAJA and send Plaintiff's attorney the balance of $16,232.79, less any applicable processing or user fees prescribed by statute. Payment of this award should be made via check payable and mailed to Plaintiff's attorney at NW Disability Benefits, LLC dba Kerr Robichaux & Carroll (TID 85-3999428), 1 PO Box 14490, Portland, OR 97293, consistent with this order.

Any amount withheld after all administrative and attorney's fees are paid should be released to Plaintiff.

**IT IS SO ORDERED.**

DATED this 23rd day of February, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 7 – ORDER